UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELISA NILI CIRILO PERES BEN-RAFAEL,** et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>**ISLAMIC REPUBLIC OF IRAN,** *et al.,*<br><br>                    Defendants. | Case No. 1:06-CV-00721 (ESH) |

## MOTION FOR JUDGMENT BY DEFAULT

Plaintiffs, through undersigned counsel, respectfully move pursuant to Rule 55(b) for judgment by default. In support thereof, the following is submitted:

1.  The Complaint was served on defendants Islamic Republic of Iran ("Iran"), and the Ministry of Information and Security ("MOIS") via State Department channels on April 22, 2007 pursuant to 28 U.S.C. § 1608(a)(4). Defendants had until June 21, 2007 to file a responsive pleading. Thereafter, and up to the present, these defendants have failed to plead or otherwise defend this action as provided by the Federal Rules of Civil Procedure.

2.  On July 6, 2007, the Clerk entered a default as to the defendants Iran and MOIS pursuant to Rule 55(a), Fed. R. Civ. P.

3.  Plaintiffs now move for a judgment by default pursuant to Rule 55(b)(2). However, as provided for in relevant part in 28 U.S.C. § 1608(e) of the Foreign Sovereign Immunities Act,

> No judgment by default shall be entered by a court of the United States ... against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court...

4. Plaintiffs request the opportunity to establish their claims through the presentation of evidence satisfactory to the Court. As these cases against the Iran and MOIS and have become more common in this District and often with overlapping evidence, a number of the judges of this Court have proceeded in whole or in part by way of prior sworn testimony and affidavits in these uncontested proceedings. *See, e.g., Weinstein v. Islamic Republic of Iran,* 175 F.Supp.2d 13, 21 (D.D.C. 2001) (Lambert, J.); *Jacobsen v. Islamic Republic of Iran, et al.,* Civil Action No. 02-1365 (Robertson, J.).

5. Plaintiffs are prepared to promptly submit his verified documentary evidence to support a money judgment against Iran and its agencies and to file with the Court proposed findings of fact and conclusions of law. In the alternative, should the Court want to proceed by way of an actual trial, Plaintiffs request that a trial date be set at the Court's convenience, with sufficient time to secure the attendance of witnesses from Israel and Argentina.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment by default following: (1) the presentation of verified documentary evidence or, alternatively, (2) the presentation of evidence at trial establishing Plaintiffs' right to relief that is satisfactory to the Court.

Dated: August _____, 2007                              Respectfully submitted,

                                                          /s/ Paul L. Knight
Emil Hirsch (DC Bar No. 930479)
Paul L. Knight (DC Bar No. 911594)
O'Connor & Hannan, LLP
1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803
Telephone: (202) 887-1400
Facsimile: (202) 466-3215

Philip Friedman
Friedman Law Offices, PLLC
2401 Pennsylvania Ave., N.W., Suite 410
Washington, DC 20037
Telephone: (202) 293-4175
Facsimile: (202) 318-0395
*Attorneys for Plaintiffs*

150165_1.DOC

3