# EXHIBIT 15



**Advocates & Notaries**

| Home | Firm Profile | Articles | Cases | Lectures & Seminars | Legislation | Links | Press | Contact |



**Quick Navigation**
Home
Search
Contact Us
Site Map

**Spotlight on**



**The New Class Actions Law**

# Tort Ordinance (New Version)

## Chapter One: Interpretation

1. Subject to the Interpretation Ordinance, this Ordinance will be interpreted in accordance with the principles of legal interpretation obtaining in England, and expressions used in it will be presumed, so far as is consistent with their context, and except as may be otherwise expressly provided, to be used with the meaning attaching to the corresponding expressions in English law and will be construed in accordance therewith.

2. In this Ordinance -

**"Parent"** includes grandparents and step-parents;

**"Animal"** includes birds, fish, insects and reptiles;

**"Wild animal"** - any animal that in Israel is not usually kept in captivity or under the control of man.

**"Child"** includes grandchild, step-child and a fetus, and any out of wedlock or adopted child; and in deducing any relationship which under the provisions of this Ordinance is included within the meaning of the expressions "Parent" and "Child" any born out of wedlock and any adopted person will be treated as the legitimate offspring of his mother and reputed father or, as the case may be, of his adopter;

**"Movable property"** - any inanimate object or any animal, and includes money, the produce of trees and vines, cereals, vegetables and other crops and water, whether severed from the land or not;

**"Employer"** - a person who, in relation to another, has complete control of the way in which such other performs his work for such person and is not himself subject to any similar authority in respect of the same work, and "employee" means any person whose work is so controlled: Provided that no person in the service of the State or of a local authority or of any other person will be deemed to be an employer or employee of anyone else in such service;

**"Immovable property"** - land, trees, houses, buildings, and walls or other constructions;

**"Damage"** - loss of life, or loss of, or detriment to, any property,

comfort, bodily welfare, reputation or other similar loss or detriment;

**"Financial Loss"** - any actual loss or expense which is capable of estimation in money and of which particulars can be given;

**"Property"** - immovable or movable property;

**"Defendant"** includes a defendant to a counterclaim or cross-action;

**"Injury"** - any unlawful interference with a legal right;

**"Plaintiff"** includes a counter-claimant and a claimant in a cross-action;

**"Action"** - any civil proceeding before a court and includes a setoff and a counterclaim;

**"Occupier"** - any person lawfully occupying, or entitled against the owner thereof to occupy or use, any immovable property, and if there is no such person then the owner of such property;

## Chapter Two: Rights and Liabilities in Tort

3. The matters in this Ordinance hereinafter enumerated will be civil wrongs, and subject to the provisions of this Ordinance, any person who suffers any injury or damage by reason of any civil wrong committed in Israel will be entitled as against the person committing or liable for such civil wrong to the remedy hereinafter specified.

4. An act which if repeated would not tend to establish an adverse claim and which is an act of which in the circumstances a person of ordinary sense and temper would not complain will not be deemed to be a civil wrong.

5. (a) It will be a defence in any action brought in respect of a civil wrong that the plaintiff knew and assumed or must be taken to have known and assumed the state of affairs causing the damage and voluntarily exposed himself or his property thereto.

(b) The provisions of this section will not apply to any action brought in respect of any civil wrong when such wrong was due to the non-performance of a duty imposed upon the defendant by any enactment.

(c) No child under the age of twelve years will be deemed to be capable of knowing or assuming such state of affairs or of voluntarily exposing himself thereto or of exposing his property thereto.

at the hearing, that there is a probability that the plaintiff is entitled to relief and that unless a temporary injunction is granted it will be difficult or impossible to do complete justice at a later stage.

74. Court will not grant an injunction when, in the opinion of the Court, the injury or damage to the plaintiff is small and is capable of being estimated in money and can he adequately compensated by a money payment and it would he oppressive to the defendant to grant an injunction; hut compensation may he awarded in any such case.

75. The provisions of Sections 72 to 74 will be in addition to, and not in derogation of, any of the powers exercisable by Courts as to injunctions under any other statute.

76. Compensation may be awarded either alone, or in addition to or in substitution for, an injunction; Provided that -

(1) where the plaintiff. has suffered damage, compensation will only be awarded in respect of such damage as would naturally arise in the usual course of things and which directly arose from the defendant's civil wrong;

(2) if the plaintiff has suffered pecuniary damage, no compensation in respect thereof will be awarded unless the plaintiff has given particulars of such damage in or together with his statement of claim.

77. (a) Subject to the provisions of Sections 83 to 85, no person who has recovered compensation or other relief in respect of any civil wrong, nor any person claiming through or under such person, will recover any further compensation in respect of such civil wrong.

(b) No person will recover any compensation or other relief in respect of any civil wrong if such civil wrong also constituted a breach of any contract, or of an obligation resembling those created by contract, and compensation for such breach of contract or obligation has been awarded by any court, tribunal or arbitrator to such person or to any person through or under whom such person claims.

(c) No person will recover any compensation in respect of any breach of contract, or of an obligation resembling one created by contract, if such breach also constitutes a civil wrong and compensation or other relief has been awarded for such civil wrong by any court to such person or to any person through or under whom such person claims.

78. Where the death of any person is caused by any civil wrong and such person would, if death had not ensued, have been entitled at the time of his death under the provisions of this Ordinance to compensation in respect of bodily injury caused to him by such civil wrong, the spouse, parent and child of such deceased person will be

entitled to compensation from the person responsible for such civil wrong.

79. An action for compensation under section 78 will be brought by the executor, administrator or heirs of the deceased person for the benefit of the spouse, parent and child, or such of them as may be in existence, of the deceased person. If no action is brought by such executor, administrator or heirs within six months of the death of the deceased person, any of the persons for whose benefit the action could have been brought by the executor, administrator or heirs may bring it in the name or names of all or any of them.

80. In an action under section 78, particulars will be given of the persons for whose benefit such action is brought, and of the pecuniary loss suffered by such persons respectively owing to the death of the deceased person; and compensation will be awarded in respect of the pecuniary loss which has been or will be actually suffered by them, including the burial expenses of the deceased person. After any costs not recovered from the defendant have been deducted from the amount of the compensation, the Court will, at the trial, determine the share of each of the persons entitled in the residual amount.

81. In assessing compensation the following will not be taken into account -

(1) any sum received or receivable on the death of the deceased under any contract of insurance;

(2) any sum paid or payable in respect of mourning for him.

82. (a) A person insured under Part Two of the National Insurance Law 1953 (hereafter in this Chapter referred to as "**the Law**") , including a dependent of such person, within the meaning of Section 22 (b) of the Law, who is entitled under this Ordinance, in consequence of one event, both to compensation from the employer and to a benefit under Part Two of the Law will have the amount of the benefit deducted from the amount of compensation which would be due to him from his employer but for this Section.

(b) For the purposes of this Section - "**benefit**" means the monetary value of a benefit, other than a benefit in kind, which has been or is due to be given under Part Two of the Law, and includes an injury benefit equivalent payable under Section 38 of the Law; a benefit reduced or denied in consequence of any act or omission on the part of the employee or not given by reason of an option for another benefit under the Law will be deemed to have been given, or to be due to be given, in full; provisions enacted by the Minister of Labour under Section 49 (b) of the Law for the capitalization of pensions or for the calculation of the monetary value of benefits in kind will apply also to the determination of the monetary value of benefits for the